IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARY BRYANT                                                                                    PLAINTIFF

V.                                      CASE NO. 4-09-CV-448 BSM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                           DEFENDANT

### BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Plaintiff has sued Defendant for compensatory and punitive damages, seeking underinsured motor vehicle coverage benefits in the amount of $25,000.00 and an unspecified amount for alleged bad faith. Damages awards in Arkansas cases for the tort of bad faith indicate that if plaintiff successfully recovers on this theory, plaintiff's damages will likely exceed $75,000.00. The preponderance of the evidence establishes that the amount required for federal court jurisdiction under 28 U.S.C. § 1332 is in controversy in this case.

When a complaint alleges no specific amount of damages, or an amount under the jurisdictional minimum, a defendant may successfully remove to federal court by proving by a preponderance of the evidence that the amount in controversy requirement is met. *Toller v. Sagamore Ins. Co.,* 514 F. Supp. 2d 1111, 1116 (2007). *See also Advance America Servicing of Arkansas, Inc. v. McGinnis,* 526 F.3d 1170 (8th Cir. 2008); *Rasmussen v. State Farm Mut. Auto. Ins. Co.,* 410 F.3d 1029, 1031 (8th Cir. 2005). In determining the amount in controversy in an action against an insurance company in which the 12-percent penalty and attorneys' fees are available pursuant to Ark. Code Ann. § 23-89-208, the 12-percent penalty and attorneys' fees are included in calculating whether the amount in controversy exists. *Halter v. Nat'l Farmers Union Prop. & Cas. Co.,* 502 F. Supp. 736 (E.D. Ark. 1980);

*Stamps v. State Farm Mut. Auto. Ins. Co.*, 300 F. Supp. 545 (W.D. Ark. 1969). Further, the amount in controversy at the time of removal is determinative, and a plaintiff cannot defeat federal jurisdiction by reducing his demand after removal. *Toller, supra* at 1117, citing *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809 (8th Cir. 1969) and *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938).

To determine the amount in controversy, Courts look to the pecuniary effect of an adverse declaration will have on either party to the lawsuit. *Fitzgerald Railcar Services of Omaha, Inc. v. Chief Industries, Inc.*, 2005 WL 1154293, 1 (8th Cir. 2005) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 and *City of Moore v. Atchison, Topeka, & Santa Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir.1983) ("To determine the amount in controversy, we look to the pecuniary effect an adverse declaration will have on either party to the lawsuit.").

Plaintiff in her Motion to Remand points out that in her prayer for relief, plaintiff prays for damages "not to exceed the amount required for federal diversity jurisdiction." Plaintiff apparently contends that the provisions of Ark. R. Civ. P. 8(a) preclude the recovery of any greater amount. However, Ark. R. Civ. P. 8(a) does not have the effect for which plaintiff contends, as explained by Judge Eisele in *Haynes v. Louisville Ladder Grp., LLC*, 341 F. Supp. 2d 1064 (E.D. Ark. 2004). The plaintiff in *Haynes* made the same argument as is now made by plaintiff in this case, but the court rejected the argument, pointing out that in *Interstate Oil & Supply Co. v. Troutman Oil Co.*, 334 Ark. 1, 972 S.W.2d 941 (1998), the Arkansas Supreme Court concluded that even though the plaintiff did not demand a specified amount in his complaint, plaintiff could recover the full $184,950.00 awarded at trial, even though the plain language of Rule 8(a) limited the plaintiff's recovery

2

to the minimum required for federal diversity jurisdiction. Additionally, Judge Eisele noted that state rules of civil procedure may not determine federal jurisdiction. *Haynes, supra* at 1068, *citing Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1006, n. 3 (W.D. Ark. 1996) and numerous other cases.

The *Haynes* case is instructive for the additional reason that in determining the amount in controversy at the time of removal, Judge Eisele looked to damage awards made in cases factually similar to *Haynes*, a ladder fall case. The court cited several other ladder fall cases in which damages well in excess of $75,000.00 were awarded, and concluded that the plaintiff's claim in *Haynes* "more likely than not" placed more than $75,000.00 in controversy. *Haynes, supra* at 1069. Therefore, the court concluded that defendant had proven, by a preponderance of the evidence, that the amount in controversy was greater than $75,000.00.

Defendant submits that plaintiff's allegations of bad faith, and prayer for compensatory and punitive damages for same, in addition to plaintiff's contract claim for $25,000.00, causes the requisite amount to be in controversy in this case. In her Complaint, plaintiff states:

> 8. That for the past several years it has been the policy of State Farm to not settle claims involving uninsured motorist and underinsured motorist claims (except for catastrophic injury claims) against it without litigation. This policy of 'delay, deny, defend', which has been utilized by State Farm and other insurance carriers has even been the subject of a CNN Special Report.
>
> 9. That this conduct by State Farm is bad faith adjustment of claim as State Farm engaged in affirmative conduct involving dishonest, malicious and oppressive conduct in an attempt to delay or deny plaintiff's claim, for

      which plaintiff prays compensatory and punitive damages.

10. Plaintiff prays judgment against Defendant, State Farm, for injuries and damages suffered by Plaintiff as a result of this accident in the sum of TWENTY-FIVE THOUSAND AND NO/100 DOLLARS ($25,000), together with twelve percent (12%) penalty, prejudgment interest and attorney's fees, pursuant to Arkansas law.

WHEREFORE, Plaintiff, Mary Bryant, prays judgment against Defendant, State Farm Mutual Automobile Insurance Company, for injuries and damages suffered by Plaintiff as a result of this accident in the sum of TWENTY-FIVE THOUSAND AND NO/100 DOLLARS ($25,000), together with compensatory and punitive damages, in an amount to be determined by this Court for bad faith against Defendant, State Farm Mutual Automobile Insurance Company; for her attorney's fees, costs and penalties; and for all other relief to which she is entitled, the total of which not to exceed the amount required for federal diversity jurisdiction.

Just as Judge Eisele in *Haynes* found there were several other ladder fall cases in which damages well in excess of $75,000.00 were awarded, awards of greater than $75,000.00 have been made in numerous "bad faith" insurance cases decided in Arkansas. *See Southern Farm Bur. Cas. Ins. Co. v. Allen*, 326 Ark. 1023, 934 S.W.2d 527 (1996) (plaintiff awarded $10,000.00 in compensatory damages, $75,000.00 in punitive damages, plus penalty and attorneys' fees); *Viking Ins. Co. of Wisconsin v. Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992) (award of $1,000.00 compensatory damages and $250,000.00 punitive damages); *Employers Equit. Life. Ins. Co. v. Williams*, 282 Ark. 29, 665 S.W.2d 873 (1984) (award of $25,000.00 compensatory damages and $75,000.00 punitive damages); *Aetna Cas. & Sur. Co. v. Broadway Arms Corp.*, 281 Ark. 128, 664 S.W.2d 463 (1984) (award of $175,000.00 compensatory damages and $5 million punitive damages). These awards clearly demonstrate that, in Arkansas, when insured plaintiffs claim that their insurer has

acted in bad faith, the minimum amount required for federal diversity jurisdiction is "more likely than not" involved. Indisputably, it does not appear to a legal certainty that the value of the claim is actually less than the jurisdictional minimum amount. *See In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003), *quoting Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000).

Defendant respectfully submits that in view of plaintiff's claims for compensatory and punitive damages for the alleged tort of bad faith, in addition to plaintiff's claim for $25,000.00 under the insurance policy, a 12-percent penalty and attorneys' fees, the preponderance of the evidence establishes that the amount required for federal jurisdiction is in controversy. It is noteworthy that nowhere in plaintiff's Motion to Remand or Brief in Support does plaintiff agree to enter into a binding stipulation not to seek or accept more than $75,000.00, as required in some jurisdictions to preclude removal jurisdiction. *E.g., In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992); *Brooks v. Pre-paid Legal Services, Inc.*, 153 F. Supp. 2d 1299 (N.D. Ala. 2001); *Ryan v. Cerullo*, 343 F. Supp. 2d 157 (D. Conn. 2004); *Maley v. Design Benefits Plan, Inc.*, 125 F. Supp. 2d 197 (E.D. Tex. 2000).[1]

Defendant respectfully submits that defendant has shown by a preponderance of the evidence that the minimum amount required for the exercise of federal diversity jurisdiction is in controversy. Defendant respectfully submits that Plaintiff's Motion to Remand should be denied.

---

[1] Furthermore, most such jurisdictions also hold that a removal-defeating stipulation cannot be made after removal, in accord with the general rule that the amount in controversy at the time of removal is determinative. *Accord., Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809 (8th Cir. 1969).

5

With respect to the Order attached by Judge Wilson, the Order is not a proper precedent. In addition and contrary to Plaintiff's allegation, the order does not find that improper removal is a common tactic of State Farm. The Order was based on the issues in that particular case and has not been upheld by an appellate court to convert its findings to a proposition that any case seeking underinsured motor vehicle coverage benefits in the amount of $25,000.00 and an unspecified amount for alleged bad faith must, as a matter of law, be an amount insufficient for federal diversity jurisdiction. The point is that Plaintiff can seek an amount n excess of $75,000 against State Farm. Therefore, federal diversity jurisdiction exists.

        Respectfully Submitted,

        HUCKABAY, MUNSON, ROWLETT
         & MOORE, P.A.
        400 West Capitol Avenue, Suite 1900
        Little Rock, Arkansas 72201
        501-374-6535

By:    _/S/ Sarah E. Greenwood_____
        JOHN E. MOORE, ABA# 82111
        E-mail: john.moore@hmrmlaw.com
        SARAH E. GREENWOOD, ABA# 2003089
        E-mail: sarah.greenwood@hmrmlaw.com

**CERTIFICATE OF SERVICE**

 I certify that on June 28, 2009 the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

John Doyle Nalley
Lovell & Nalley
501 N. Main Street
P.O. Box 606
Benton AR 72018
Johndoylenalley@hot mail.com

        /S/ SARAH E. GREENWOOD_____