UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARY BRYANT**                                                                                                **PLAINTIFF**

v.                                **CASE NO. 4:09-CV-448 BSM**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                                                      **DEFENDANT**

## ORDER

Before the court is the motion to remand filed by plaintiff Mary Bryant ("Bryant"). Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has responded. For the reasons set forth below, the motion to remand is granted.

## I. BACKGROUND

Bryant filed her complaint in the Circuit Court of Saline County, Arkansas, on May 14, 2009. In her complaint, Bryant alleges that he was covered under a policy of automobile insurance issued to Melissa Hilton by State Farm containing, among other coverages, underinsured motorist coverage with limits of $25,000. She alleges that she made demand on State Farm for payment of its underinsured motorist coverage in the amount of $25,000, but payment was refused. Bryant seeks $25,000, together with compensatory and punitive damages in an amount to be determined by the court for bad faith, prejudgment interest, costs, penalties, and attorney's fees, "the total of which not to exceed the amount required for federal diversity jurisdiction." On June 18, 2009, State Farm removed the case to this court.

## II.  DISCUSSION

Bryant asserts that removal of this lawsuit is improper because her complaint specifically states that she seeks a total amount less than the amount required for federal diversity jurisdiction.  In response, State Farm cites several cases supporting the proposition that damages awards in Arkansas cases for the tort of bad faith indicate that if Bryant successfully recovers on this theory, her damages will likely exceed $75,000.

"Federal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' . . .." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).  For diversity jurisdiction to exist, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs," and be between "citizens of different States."  28 U.S.C. § 1332(a)(1).  "[T]he party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence," "even in a removed case where the party invoking jurisdiction is the defendant."  *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (quoting *Missouri ex rel. Pemiscot County v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995)).  "This standard applies regardless of whether 'the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum."  *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount."  *Id.*

Bryant seeks $25,000 in compensatory damages on the policy, and even if the 12% penalty is added, the total compensatory damages claim is only $28,000. Thus, the punitive damages and attorney's fees would have to total at least $47,000 to meet the diversity jurisdiction requirements. *See Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005) ("[S]tatutory attorney fees count toward the jurisdictional minimum.").

The court notes that in what appears to be a related case involving Melissa Hilton, District Judge James M. Moody remanded the case, citing *Pritchard v. State Farm Mut. Auto Ins. Co.*, Case Number 4:08CV01861 WRW (E.D. Ark. Sept. 26, 2008). After noting that State Farm had cited a number of bad faith cases in Arkansas where plaintiffs have recovered large punitive damage awards, Judge Moody found that, as in *Pritchard*, the "dishonest or malicious conduct of the insurance companies [in those cases] is dissimilar to the allegations here." The undersigned agrees with the analysis of Judge Moody and finds that State Farm has failed to prove by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. Therefore, the court does not have jurisdiction under 28 U.S.C. § 1332.

Accordingly, plaintiff Mary Bryant's motion to remand (Doc. No. 9) is granted. Defendant's motion to dismiss (Doc. No. 6) is moot. The Clerk is directed to send the case file to the Clerk of the Saline County Circuit Court forthwith.

IT IS SO ORDERED this 10th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE